FILED
United States Court of Appeals
Tenth Circuit

**January 27, 2010**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DARRYL WAYNE MANCO,

              Plaintiff-Appellant,

v.

JOHN/JANE DOES (1), employed as Mail Room Employees by the Kansas Department of Corrections S.A.T.P. and Kansas Bureau of Investigations, in their individual and official capacities; S. BUSER, employed as Mail Room Supervisor, El Dorado Correctional Facility, in her individual and official capacity; JJ SMITH, employed as Sergeant of Intelligence Investigation, El Dorado Correctional Facility, in his individual and official capacity; T. J. HERMECK, employed as Lieutenant of Intelligence Investigation, El Dorado Correctional Facility, in his individual and offical capacity; MIKE MYERS, employed as former Facility Specialist, El Dorado Correctional Facility, in his individual and official capacity; DEBBIE BRATTON, employed as Deputy Warden of Operations, El Dorado Correctional Facility, in her individual and official capacity; JOHN A. SCHELL, employed as a psychologist at the Topeka Diagnostic Center, in his individual and official capacity;

No. 09-3251

(D. of Kan.)

(D.C. No. 08-CV-03205-SAC)

JOHN SHULL, doctor, employed as a Dentist at Ellsworth Correctional Facility, in his individual and official capacity; JOHN/JANE DOES (2), employed as (former) Chief Security Officers of Intelligence Investigation, Lansing Correctional Facility, in their individual and official capacity; JOHN/JANE DOES (3), employed as (former) Directors of Enforcement, Apprehension and Investigation, in their individual and official capacity; ROGER BONNER, employed as (former) Chief Security Officer of Intelligence Investigation, Lansing Correctional Facility, and currently employed as Director of Enforcement, Apprehension and Investigation, in his individual and official capacity; JOHN LAMB, employed as Director of Enforcement, Apprehension and Investigation, in his individual and official capacity; RAY LOWERY, Administrative Executive for D.C.C.C.A., Director of Correctional Programs, in his individual and official capacity; BARBARA OWENS, employed as (former) Director of S.A.T.P./D.C.C.C.A., currently employed as Director of Quality Assurance for D.C.C.C.A., in her individual and official capacity; RICK KENDALL, employed as Director of S.A.T.P./D.C.C.C.A., Lansing Correctional Facility, in his individual and official capacity; JOHN BECHTOLD, employed as (former) SST, Lansing Correctional Facility, in his individual and official capacity;

-2-

DAVID R. MCKUNE, Warden, Lansing Correctional Facility, in his individual and official capacity; ROBERT HANNIGAN, employed as (former) Warden, Hutchinson Correctional Facility, in his individual and official capacity; MICHAEL NELSON, employed as (former) Warden, El Dorado Correctional Facility, in his individual and official capacity; RAYMOND ROBERTS, employed as Warden, El Dorado Correctional Facility, in his individual and official capacity; (FNU) LYONS, employed as (former) Lieutenant of Intelligence Investigation, Hutchinson Correctional Facility, in her individual and official capacity; JOHN/JANE DOES (4), employed as (former) Deputy Wardens of Operations, Lansing Correctional Facility, in their individual and official capacities; JOHN/JANE DOES (5), employed as (former) Information Resource Managers, Information Technology Department, in their individual and official capacities; CHARLES SIMMONS, employed as (former) Secretary of Corrections, currently employed as Resource Manager, Information Technology Department, in his individual and official capacity; ROGER WERHOLTZ, employed as Secretary of Corrections, in his individual and official capacity; WILLIAM CUMMINGS, employed as Secretary of Corrections Designee, in his individual and official capacity;

-3-

JOHN/JANE DOES (6), Kansas
Bureau of Investigation, in their
individual and official capacities;
KATHLEEN SEBELIUS, Kansas
Governor, in her individual and
official capacity,

           Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Darryl Wayne Manco, a Kansas state prisoner proceeding pro se, brings a host of civil rights claims under 42 U.S.C. § 1983. Manco's claims center on his allegation that prison officials implanted a radio frequency device in his body to track his movements and thoughts, among other things. The district court dismissed Manco's case as frivolous and denied him leave to proceed on appeal *in forma pauperis*.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal, find Manco's appeal frivolous, and assess two strikes against him pursuant to 28 U.S.C. § 1915(g).

## I. Background

Manco's 49-page complaint describes a "myriad of horrible conditions" arising from his incarceration. R., Vol. 3 at 89. Manco alleges that prison officials have implanted a tracking device in his jaw, and are engaging in a series of unlawful rehabilitation methods. He also claims that prison officials intercepted and destroyed his mail when he attempted to reveal these practices. He frames a retaliation claim because mental health staff ordered him to be transferred to several different prisons and otherwise denied him privileges and parole after he made public his claims of mistreatment. These actions amount to violations of his First, Eighth, and Fourteenth Amendment rights, he claims.

The district court dismissed Manco's claims. The court held his mail interference claims were both time barred and not well pleaded. Next, it found Manco's claims relating to the tracking device had no factual basis, and therefore it dismissed them as frivolous. Finally, in as much as Manco brought habeas claims, the district court dismissed them without prejudice because they were improperly framed as civil rights claims.

Manco appeals the dismissal, relying on substantially the same arguments and evidence he presented to the district court.

## II. Discussion

We review a district court's dismissal of a frivolous claim for an abuse of discretion. *McWilliams v. Colorado*, 121 F.3d 573, 574–75 (10th Cir. 1997). A complaint or appeal is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). We find the district court committed no error when it dismissed Manco's claims as frivolous.

The district court did not abuse its discretion when it held Manco's claims of mail interference were frivolous. Although Manco filed numerous complaints about mail interference with prison management, a legal services provider at the prison and the warden concluded that Manco's mail had been delivered properly. Indeed, the appeal record shows that the person with whom Manco was corresponding sent many letters to Manco over several years that verified the receipt of Manco's letters.

Even if Manco explained who interfered with his mail or what mail was interfered with, his mail-related claims are time barred. Liberally construed, Manco's complaint alleges mail interference as late as 2005. The statute of limitations for a § 1983 action in Kansas lapsed in 2007, a year before Manco filed this case. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (holding § 1983 actions are governed by state statute of limitations for personal injury); KAN. STAT. § 60-513(a) (providing a two-year statute of limitations).

The district court also did not abuse its discretion when it held Manco's claims related to the alleged tracking device were frivolous. Manco's theory that numerous state officials monitor his thoughts and send him inaudible, profane messages is not supported by any evidence. Manco provides citations to various patents and secondary literature that describe tracking devices. Even if, for the sake of argument, this court assumes that such devices exist, Manco fails to provide evidence that officials implanted a device in his body, nor does he give a plausible motive for state officials to embark on such an endeavor. We agree with the district court that Manco's tracking device claims are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (describing frivolous claims as "fanciful," "fantastic," and "delusional," and holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

Finally, in so far as Manco seeks parole and credit for good behavior, his claims are not properly brought under § 1983. The Supreme Court has made clear that a "§ 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973)) (internal

citations and punctuation omitted).  Instead, prisoners must seek either federal habeas corpus relief or relief under state law.  *Id*. at 78.

### III.  Conclusion

We dismiss Manco's appeal as frivolous, and assess two strikes against him under 28 U.S.C. § 1915(g).  *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").  Manco's motion for leave to file a supplemental brief is denied.  Manco's application to appeal *in forma pauperis* is denied, and the full amount of his filing fee should be paid immediately.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge