**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**November 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MICHAEL ANTHONY ALLEN,

    Plaintiff - Appellant,

v.

FACEBOOK; META; INSTAGRAM;
TWITTER; MARK ZUCKERBERG;
MICHAEL ZUCKERBERG,

    Defendants - Appellees.

No. 24-3080
(D.C. No. 5:24-CV-03057-JWL)
(D. Kan.)

_____

ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Pro Se inmate Michael Allen filed a 42 U.S.C. § 1983 civil rights lawsuit

against Facebook and other social media entities alleging that, while incarcerated, he

is the target of some sort of "illegal A.I." emitter technology, causing psychosis and

suicidal thoughts.  R., Vol. 1 at 5.  He alleged that this "wifi technology little black

box technology ultra sound beam air technology[sic]" was deployed against him by

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to render a decision on the briefs without oral argument.  *See*
Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without
oral argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

social media companies once his prison facility implemented a new tablet program, and it caused him to hear psychotic voices in his head. R., Vol. 1 at 7.

The district court, reviewing his prisoner complaint under 28 U.S.C. § 1915(a), issued an order to show cause why the case should not be dismissed as frivolous and for failure to state a claim against a government actor. Mr. Allen responded within the deadline, but his response focused primarily on his concerns that his letters were apparently not reaching their intended recipients (the FBI, Topeka police, courthouses, and various news outlets). The response reiterated Mr. Allen's belief that he was being targeted by social media companies and cited a Domino's Pizza commercial featuring a "mind ordering" functionality as evidence that such technology could be used to read minds and transmit thoughts.

Finding that this response did not show that Mr. Allen's claims were non-frivolous, and that he still failed to identify a state actor, the district court dismissed the suit.[1] Mr. Allen moved for reconsideration, providing additional information on his undelivered or unanswered letters. He also alleged a massive cyber invasion by social media companies targeting the government to hide his allegations. The district court denied the motion because it did not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).

---

[1] Because the complaint was dismissed before any summons were issued, no defendant has made an appearance.

Mr. Allen appealed.  His brief presents largely the same issues that he raised to the district court.  Like the district court, we conclude that the case is frivolous and fails to name a responsible state actor.

"A complaint or appeal is frivolous when it 'lacks an arguable basis either in law or in fact.'"  *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  Although Mr. Allen provides documentation of his many letters and his unsuccessful efforts to inform authorities of his claims, he cannot corroborate any of the facts he alleges against the social media defendants.  "We have no difficulty concluding this petition is frivolous based on its arguments alone."  *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1271 (10th Cir. 2013); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Furthermore, "[t]o state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Mr. Allen has not identified a state actor. Neither his response to the show cause order, his motion for reconsideration, nor his appeal to this court have argued that any of the social media defendants are state actors.  Nor could they.  The district court identified plentiful case law from other districts and circuits uniformly concluding these defendants are not state actors.  *See e.g. Bethune v. Facebook Inc.*, No. 21-CV-2118 (NEB/HB), 2021 WL 5182246, at *2

3

(D. Minn. Oct. 15, 2021) ("Neither Facebook nor Zuckerberg is alleged, or can plausibly be alleged, to be a 'state actor' within the meaning of § 1983.") (citing *Prager Univ. v. Google LLC*, 951 F.3d 991, 997 n.3 (9th Cir. 2020) (collecting cases)). Nor can Mr. Allen point at the governmental agencies that he suggests have failed to investigate his claims. None of those entities caused the injuries he complains of, and none are named defendants in this case.

Mr. Allen also filed a motion to proceed *in forma pauperis* in this appeal. He appears to have no assets, but to qualify for this status under 28 U.S.C. § 1915(a), "an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). "An appeal is frivolous under this section if it is 'based on an indisputably meritless legal theory.'" *Salgado-Toribio*, 713 F.3d at 1270 (quoting *Neitzke,* 490 U.S. at 327). We therefore deny Mr. Allen's motion to proceed on appeal without prepayment of costs or fees. Mr. Allen's filing fee is due in full immediately. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2011).

Because Mr. Allen's complaint is frivolous and without merit, we affirm the district court's dismissal.[2]

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

---

[2] This dismissal imposes Mr. Allen's second "strike" under 28 U.S.C. § 1915(g). *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).