FILED
United States Court of Appeals
Tenth Circuit

July 16, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOE RICHARD ARTUR,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 13-9582
(Petition for Review)

## ORDER AND JUDGMENT[*]

Before **LUCERO** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Joe Richard Arthur[1] seeks review of a Board of Immigration Appeals ("BIA")

decision that dismissed his appeal from an Immigration Judge's ("IJ") order denying

his application for asylum, restriction on removal, and protection under the United

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Petitioner's last name appears variously as "Artur" or "Arthur" throughout the record. Because petitioner used "Arthur" in his brief, we have as well.

Nations Convention Against Torture ("CAT"). The petition for review is dismissed in part for lack of jurisdiction and otherwise denied.

## I

Petitioner, a native and citizen of Ghana, was legally admitted to the United States in June 2004. He remained in this country without authorization after his visa expired on September 17, 2004.

Arthur married a United States citizen, Nyeisha Nicole Clark, in July 2005. Clark filed a Petition for Alien Relative on Arthur's behalf in August 2005, but they divorced in July 2007. In February 2009, the United States Citizenship and Immigration Services ("USCIS") denied the petition based on abandonment, finding that Arthur had "taken part in a fraudulent or sham marriage to circumvent the immigration laws."

In October 2008, petitioner married his current wife, Lori Roundy, also a United States citizen. Roundy filed a Petition for Alien Relative on Arthur's behalf in October 2008, and another in November 2009. USCIS denied both petitions pursuant to 8 U.S.C. § 1154(c), which provides that

> no petition shall be approved if . . . the alien has previously been accorded, or has sought to be accorded, an immediate relative . . . status as the spouse of a citizen of the United States . . . by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws.

On appeal, the BIA remanded the second petition to USCIS to complete the record (to include, among other documents, a copy of the order denying Clark's petition), to

- 2 -

allow the parties an opportunity to update the record, and to enter a new decision if USCIS decided the petition should again be denied. As far as the record before us shows, that matter is still pending.

Removal proceedings were initiated against Arthur in June 2011. He conceded removability at a hearing in August 2011. Arthur then applied for asylum, restriction on removal, and protection from removal under the CAT at a hearing in December 2011. The application for asylum was signed by petitioner and the IJ in May 2012. On the application, petitioner checked the boxes corresponding to every possible ground for fearing a return to his native country: race, religion, nationality, political opinion, membership in a particular social group, and torture. In support of these grounds, he wrote that he feared harm from radical Islamic groups who could enter Ghana from neighboring countries because he supports democratic values and Western culture; he would be perceived to be wealthy because he had lived in the United States; his marriage to Roundy is interracial; he and his wife are both members of the Church of Jesus Christ of Latter-day Saints (the Mormon Church); his son is a United States citizen; and, through his wife, he has other family members who are United States citizens. He explained that he was filing his application more than a year after his entry into the United States because he now had a wife and son who would accompany him to Ghana if he were removed.

Petitioner's asylum claim was held untimely under 8 U.S.C. § 1158(a)(2)(B), which provides that an application for asylum must be "filed within 1 year after the

date of the alien's arrival in the United States." The IJ declined to apply the exception in 8 C.F.R. § 1208.4(a)(4)(ii) for claims filed "within a reasonable period" after changed circumstances because petitioner married Roundy and joined the Mormon Church in 2008 but did not apply for asylum until December 2011—more than three years later—and he had testified that he feared a return to Ghana when his visa expired in 2004.

Additionally, the IJ concluded that even if petitioner's asylum claim were considered, he did not meet his burden of proving that he was a refugee within the meaning of 8 U.S.C. § 1101(a)(42), as required for asylum eligibility by § 1158(b)(1)(A). The IJ found that petitioner had not suffered past persecution, and that his claimed fear of future religious persecution was not objectively credible in light of the record evidence showing that the government of Ghana protects religious freedom, that the majority of the country is Christian, that the Mormon Church has a significant presence in Ghana, and that only a small minority of citizens are Muslim. Similarly, the IJ found that petitioner's other expressed fears regarding his own return to Ghana were speculative and not supported by the credible evidence in the record. Concluding that Arthur's fear was primarily for his wife and son if they went to Ghana with him, the IJ ruled that petitioner's fear for his family did not support his claim for asylum. Having determined that petitioner failed to meet his burden of proof with respect to asylum, the IJ also concluded that petitioner did not meet the standards for restriction on removal and protection under the CAT.

Arthur filed an administrative appeal to the BIA. While the appeal was pending, he filed a motion to remand his removal proceedings to the IJ for a continuance on the ground that his wife's second Petition for Alien Relative had been remanded to USCIS. The government argued that a remand of the removal proceedings was not warranted because approval of the Petition for Alien Relative was foreclosed by 8 U.S.C. § 1154(c). The BIA dismissed petitioner's administrative appeal and denied his motion to remand.

Regarding Arthur's appeal, the BIA concurred with the IJ's conclusion that the asylum claim was untimely because it was unreasonable for petitioner to wait three years to file after the asserted changed circumstances of his marriage to Roundy and his religious conversion. The BIA also agreed with the IJ's conclusion that petitioner had failed to satisfy his burden of proof for asylum, restriction on removal, or protection under the CAT. Petitioner's motion to remand was denied because his wife's Petition for Alien Relative had not been approved and he failed to meet the requirements for a remand. Arthur filed this petition for review.

## II

Arthur argues that the BIA erred in concluding that: (1) his asylum application was untimely, because the IJ and the BIA failed to consider all of his changed circumstances; (2) he did not qualify for asylum based on the proof he provided; (3) he did not establish his entitlement to restriction on removal or protection under the CAT; and (4) he failed to meet the requirements for a remand in light of his

- 5 -

wife's pending Petition for Alien Relative, because due process protections apply to that petition.

## A

This court generally has jurisdiction under 8 U.S.C. § 1252(a)(1) to review a final order of removal. See Sosa-Valenzuela v. Holder, 692 F.3d 1103, 1108 (10th Cir. 2012). And pursuant to § 1252(a)(2)(B)(ii), "[t]his court generally has jurisdiction to review the denial of an asylum request." Tsevegmid v. Ashcroft, 336 F.3d 1231, 1234 (10th Cir. 2003), superseded by statute on other grounds, as stated in Diallo v. Gonzales, 447 F.3d 1274, 1281 (10th Cir. 2006). In the present matter, however, we lack jurisdiction to consider either of petitioner's arguments related to the denial of his asylum claim.

First, we lack jurisdiction to consider petitioner's challenge to the BIA's determination that his asylum application was untimely. See Diallo, 447 F.3d at 1281. An application for asylum must be "filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). "Notwithstanding this one year time limit, an alien's asylum application 'may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General . . . the existence of changed circumstances which materially affect the applicant's eligibility for asylum.'" Ferry v. Gonzales, 457 F.3d 1117, 1129 (10th Cir. 2006) (quoting § 1158(a)(2)(D)). But "[t]he statute further provides that 'no court shall have jurisdiction to review any determination of the Attorney General under . . .

§ 1158(a)(2).'" Id. at 1129-30 (brackets omitted) (quoting § 1158(a)(3)). Petitioner does not challenge the BIA's decision based on "constitutional claims or questions of law" (the latter referring to questions of statutory construction), which might fall within our jurisdiction under § 1252(a)(2)(D). See Diallo, 447 F.3d at 1281 (quotation omitted). In the absence of such reviewable arguments, "[w]e have interpreted § 1158(a)(3) literally to mean that federal courts lack jurisdiction to review a determination related to the timeliness of an asylum application." Id. (quotation omitted).

Petitioner's argument that the BIA improperly failed to consider all of the changes in his circumstances "is a challenge to an exercise of discretion that remains outside our scope of review." Ferry, 457 F.3d at 1130 (collecting cases). We also lack jurisdiction to review the BIA's discretionary determination that the changed circumstances it did consider (petitioner's remarriage and conversion to the Mormon Church) did not excuse Arthur's delay in filing his asylum application. See id. at 1129-30. In addition, petitioner failed to exhaust his administrative remedies regarding his argument to this court by not raising the "same specific legal theory to the BIA" in his administrative appeal. See Garcia-Carbajal v. Holder, 625 F.3d 1233, 1237 (10th Cir. 2010). We therefore lack jurisdiction to consider it on that ground as well. See Sidabutar v. Gonzales, 503 F.3d 1116, 1118 (10th Cir. 2007).

As a result, we also lack jurisdiction to consider Arthur's challenge to the alternative denial of his asylum claim on the merits because we could not order any

related relief.  See Ekasinta v. Gonzales, 415 F.3d 1188, 1191 (10th Cir. 2005).

Petitioner urges us to reach the merits in light of our decision in Ba v. Mukasey, 539

F.3d 1265 (10th Cir. 2008), but his reliance on Ba is misplaced.  Although the IJ in

Ba found that the asylum application was untimely and also failed on the merits, the

BIA chose to decide the administrative appeal in that case solely on the merits.  See

id. at 1268.  Accordingly, we reviewed Ba's challenges to the BIA's decision on the

merits.  See id. at 1268-71.  In contrast, the IJ and the BIA in the instant case denied

petitioner's asylum claim both as untimely and for failure to meet his burden of

proof.  "[I]f there are two alternative grounds for a decision and we lack jurisdiction

to review one, it would be beyond our Article III judicial power to review the other"

because our opinion "could not affect the final order's validity and so would be

advisory only."  Ekasinta, 415 F.3d at 1191.

**B**

Arthur challenges the BIA's decision that he failed to meet the legal standards

for restriction on removal and relief under the CAT.  We find his argument so

superficially developed as to be waived.  See Franklin Sav. Corp. v. United States,

180 F.3d 1124, 1128 n.6 (10th Cir. 1999).  "[W]e routinely have declined to consider

arguments that are not raised, or are inadequately presented, in an appellant's

opening brief."  Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007).

Petitioner sets out basic legal standards for restriction on removal and relief

under the CAT, then merely asserts in one short paragraph that he met his burden of

- 8 -

proof under those standards. The Federal Rules of Appellate Procedure, however, require the argument section of an appellant's brief to include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Petitioner does not cite or discuss any of the record evidence in his one-paragraph argument, or any cases beyond the most basic points of law concerning restriction on removal and the CAT. This is inadequate under Rule 28, and we conclude that petitioner has waived his challenge to the BIA's denial of restriction on removal and relief under the CAT.

### C

Finally, Arthur argues that the BIA erred in denying his motion to remand his removal proceedings to the IJ until his wife's Petition for Alien Relative is decided. We conclude that petitioner failed to exhaust his administrative remedies as to the argument he makes on appeal.

Relying on a Ninth Circuit decision, Ching v. Mayorkas, 725 F.3d 1149 (9th Cir. 2013), Arthur contends that due process protections apply to his wife's Petition for Alien Relative because he and his wife meet the statutory and regulatory requirements for that petition, and that he should be allowed to remain in the United States until it is approved. Petitioner, however, never raised a due process argument to the BIA in his motion to remand or amended motion to remand. Although the Ching decision was not issued until August 7, 2013, which was after the BIA entered its order in the case at bar, the decision was issued before expiration of the thirty

days allowed for petitioner to file a motion to reconsider.  See 8 C.F.R. § 1003.2(b)(2).  Petitioner's failure to raise his due process argument in a timely motion to reconsider deprives us of jurisdiction to consider it.  Sidabutar, 503 F.3d at 1122 (this court lacked jurisdiction over two issues raised for the first time in this court because "[t]hese two claims should have been brought before the BIA in the first instance through a motion to reconsider or reopen" under 8 C.F.R. § 1003.2); see also Wei v. Mukasey, 545 F.3d 1248, 1251 (10th Cir. 2008) (noting that under 8 U.S.C. § 1229a(c)(6) and 8 C.F.R. § 1003.2(b), an alien may file "a motion to reconsider (because of alleged errors in the BIA's analysis)").

**III**

The petition for review is **DISMISSED IN PART** and **DENIED IN PART**.

Entered for the Court

Carlos F. Lucero
Circuit Judge