**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOE RICHARD ARTUR,
a/k/a Joe Richard Arthur,

     Petitioner.

v.

WILLIAM P. BARR, United States
Attorney General,

     Respondent.

No. 19-9537
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Joe Richard Artur, a native and citizen of Ghana, petitions for review of a final

order issued by the Board of Immigration Appeals (BIA) denying his motion to

reopen. In that motion, he asserted that his case merited sua sponte reopening based

on a fundamental change in the law due to the Supreme Court's decision in *Pereira v.*

*Sessions*, 138 S. Ct. 2105 (2018). He argued that, after the *Pereira* decision, he was

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

eligible for relief in the form of cancellation of removal, which had been previously unavailable to him. The BIA denied his motion, relying on its decision in *In re Mendoza-Hernandez*, 27 I. & N. Dec. 520 (BIA 2019), to conclude that Mr. Artur was not prima facie eligible for cancellation of removal. We grant the petition for review and remand for further proceedings consistent with this decision.

I. Background

Mr. Artur was admitted to the United States on June 30, 2004, as a nonimmigrant visitor and remained in this country without authorization after his visa expired. He was issued a Notice to Appear (NTA) on June 13, 2011. The NTA did not specify the time or place of his initial removal hearing. He was subsequently issued a Notice of Hearing (NOH) a few days later that did specify the time and place of his hearing.

Mr. Artur applied for asylum, withholding of removal, and protection under the Convention Against Torture, but the Immigration Judge (IJ) denied all forms of relief and the BIA upheld the IJ's decision. This court dismissed in part and denied in part Mr. Artur's petition for review of the BIA's decision. *See Artur v. Holder*, 572 F. App'x 592, 593 (10th Cir. 2014).

Although he was subject to a final order of removal, Mr. Artur continued to live in the United States. In January 2019, he filed his motion to reopen his removal proceedings based on *Pereira*.[1] In *Pereira*, the Supreme Court held that a NTA that

---

[1] Mr. Artur also filed a motion to stay his removal pending the BIA's consideration of his motion to reopen. The BIA denied his request for a stay of

2

fails to designate the specific time and place of a removal proceeding does not trigger the stop-time rule[2] to end the period of continuous presence in the United States required for cancellation of removal. *See* 138 S. Ct. at 2109-10.

In its decision, the BIA acknowledged that Mr. Artur's NTA did not designate the specific time or place of his initial removal hearing. After *Pereira*, however, the BIA issued *Mendoza-Hernandez*, in which it held that the subsequent service of a NOH containing the time and place of the initial hearing perfected a deficient NTA and triggered the stop-time rule. 27 I. & N. Dec. at 535. The NOH issued to Mr. Artur in June 2011 contained the necessary information, so the BIA relied on *Mendoza-Hernandez* to conclude that the NOH perfected the deficient NTA and terminated Mr. Artur's accrual of continuous physical presence. Because Mr. Artur lacked the requisite period of continuous physical presence to be prima facie eligible for cancellation of removal, the BIA declined to exercise its sua sponte authority to reopen his removal proceedings. In denying the motion to reopen, the BIA recognized that Mr. Artur had offered other evidence to support his application for cancellation of removal, but it did not consider that evidence. Mr. Artur timely filed this petition for review of the BIA's decision.

---

removal. In February 2019, U.S. Immigration and Customs Enforcement (ICE) removed him from the United States.

[2] Under the so-called "stop-time rule," an alien's period of continuous presence ends when the government serves the alien with an NTA. *See* 8 U.S.C. § 1229b(d)(1).

3

II. Discussion

The government first argues that we lack jurisdiction to consider Mr. Artur's petition for review. We agree that we generally lack jurisdiction to review the BIA's exercise of discretion in deciding whether to sua sponte reopen removal proceedings. *See Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270-71 (10th Cir. 2013). But we do retain jurisdiction to review constitutional claims or questions of law raised in a petition for review. *Id*. at 1271. Here, the question underpinning the BIA's denial of the motion to reopen is a legal one—whether the BIA correctly relied on *Mendoza-Hernandez* to determine that Mr. Artur is not prima facie eligible for cancellation of removal. We retain jurisdiction to review that question of law. *See Reyes-Vargas v. Barr*, 958 F.3d 1295, 1300 (10th Cir. 2020); *see also Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2011) ("[W]hen presented with a BIA decision rejecting a motion for *sua sponte* reopening, we may exercise jurisdiction to the limited extent of recognizing when the BIA has relied on an incorrect legal premise."); *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) ("[W]here the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate."). Mr. Artur also contends that the BIA violated his constitutional

4

rights to due process. We likewise retain jurisdiction to review that constitutional claim.

"We review the BIA's denial of [Mr. Artur's] motion to reopen for an abuse of discretion." *Qiu v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017). We first address Mr. Artur's claim that the BIA violated his due process rights. In removal proceedings, "aliens are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005) (internal quotation marks omitted). Mr. Artur contends that "[t]he proceedings before the BIA with respect to the motion to reopen and remand did not constitute a meaningful opportunity for [him] to be heard." Pet'r's Br. at 12. He complains that the BIA denied his motion to stay his removal prior to ruling on his motion to reopen and then delayed issuing its decision, which resulted in him being removed. But he fails to adequately explain how the BIA's actions prevented him from having a meaningful opportunity to be heard. To the contrary, the BIA considered and ruled on his motion for a stay and considered and ruled on his motion to reopen. That the BIA denied his stay motion and ICE removed him prior to the denial of his motion to reopen does not demonstrate that his due process rights were violated—he had been subject to a final order of removal since July 2013. Mr. Artur's constitutional claim provides no basis to overturn the BIA's decision.

The parties spend the bulk of their briefs debating the propriety of the BIA's decision in *Mendoza-Hernandez*. But after briefing concluded in this appeal, we

issued a published decision rejecting the reasoning of *Mendoza-Hernandez* and concluding that "the stop-time rule is triggered by one complete notice to appear rather than a combination of documents." *Banuelos-Galviz v. Barr*, 953 F.3d 1176, 1178 (10th Cir. 2020). Thus, in this circuit, "the stop-time rule is not triggered by the combination of an incomplete notice to appear and a notice of hearing." *Id.* at 1184.

The BIA's decision not to exercise its sua sponte authority to reopen Mr. Artur's removal proceedings was based on its conclusion that he was not prima facie eligible for cancellation of removal, which in turn was based on its decision in *Mendoza-Hernandez*. Because *Mendoza-Hernandez* is no longer good law in this circuit, we grant the petition for review and remand for the BIA to consider the motion to reopen in light of our decision in *Banuelos-Galviz*.

Entered for the Court

Jerome A. Holmes
Circuit Judge