FILED
United States Court of Appeals
Tenth Circuit

April 23, 2013

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

LUCIO SALGADO-TORIBIO,

     Petitioner,

v.

ERIC H. HOLDER, JR., Attorney
General of the United States,

     Respondent.

No. 12-9578

_____

**ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS**
_____

Lucio Salgado-Toribio, pro se.

Carmel A. Morgan, United States Department of Justice, Civil Division, Washington,
D.C., for Respondent.
_____

Before **O'BRIEN**, **McKAY**, and **BALDOCK**, Circuit Judges.[*]
_____

**BALDOCK**, Circuit Judge.
_____

     Petitioner Lucio Salgado-Toribio, acting *pro se*, seeks review of a Board of

Immigration Appeals (BIA) order denying his motion to reopen removal proceedings.

---

     [*] After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

But this is not his first lap around the track. Petitioner has been using the federal courts' procedures to put off removal for more than three years since an immigration judge found him removable. This is now his *third* time seeking our review of an administrative decision over which we have no jurisdiction. Enough is enough. We deny Petitioner's motion to proceed *in forma pauperis*, dismiss the petition for review, and recommend that the Department of Homeland Security enforce the order of removal immediately.

## I.

Petitioner is a citizen of Mexico who entered the United States in 1998 without inspection. In February 2010, an immigration judge in Oklahoma City, Oklahoma found Petitioner removable as an alien present in the United States without being admitted or paroled pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). The immigration judge denied Petitioner's application for cancellation of removal because he failed to show "exceptional and extremely unusual hardship" as required under 8 U.S.C. § 1229b(b)(1)(D). The immigration judge did, however, grant Petitioner's request for voluntary departure. Petitioner appealed to the Board of Immigration Appeals (BIA), which dismissed the appeal, agreeing with the immigration judge. R. at 90–91.

Petitioner then filed a petition for review and a motion for stay of removal in the Court of Appeals for the Ninth Circuit. See Salgado-Toribio v. Holder, 10-72367 (9th Cir. order filed Aug. 27, 2010). Venue, however, was only proper in this circuit. 8 U.S.C. § 1252(b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). The Ninth Circuit entered a temporary stay of removal and inexplicably transferred the

petition and temporary stay to the Fifth Circuit, which was also an improper venue. The Fifth Circuit transferred the petition to this court. See Salgado-Toribio v. Holder, 10-60717 (5th Cir. order filed Aug. 31, 2010). We ordered Petitioner to file within 30 days a motion to continue the stay that complied with our local rules regarding a stay pending appeal. See 10th Cir. R. 8.1. We ultimately denied Petitioner's motion for stay of removal and dismissed his petition for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i), which denies us jurisdiction over discretionary decisions by the BIA. Salgado-Toribio v. Holder, 10-9557 (10th Cir. order filed Dec. 15, 2010). He then filed a petition for rehearing, which we also denied.

A month later, in February 2011, Petitioner filed a motion to reopen with the BIA, arguing that new evidence of increased violence and corruption in Mexico warranted cancellation of removal. The BIA denied the motion as untimely and held that Petitioner failed to show an "exceptional situation" warranting *sua sponte* reopening. R. at 44–45. Petitioner then filed a second petition for review in the Ninth Circuit. Salgado-Toribio v. Holder, 11-71299 (9th Cir. order filed June 28, 2011). Respondent moved to dismiss the petition, or in the alternative, to transfer venue to the Tenth Circuit. The Ninth Circuit transferred the matter to this circuit with instruction that the temporary stay of removal remain in effect. We again ordered Petitioner to submit a renewed stay motion that complied with Tenth Circuit Rule 8.1. We then denied Petitioner's motion for stay of removal and dismissed his petition for lack of jurisdiction, concluding that under Belay-Gebru v. INS, 327 F.3d 998 (10th Cir. 2003), we could not review the BIA's refusal to reopen removal proceedings *sua sponte*. Salgado-Toribio v. Holder, 11-9537 (10th Cir.

order filed Dec. 12, 2011).  Petitioner again filed a petition for panel rehearing which we again denied.

Undaunted, Petitioner filed a *second* motion to reopen with the BIA.  The BIA denied the motion as time and number barred and determined the motion did not present an exceptional situation warranting *sua sponte* reopening.  R. at 2.  The BIA also denied his motion "to the extent that [Petitioner's] motion to reopen can be construed as a motion to reopen to apply for asylum, withholding of removal, and protection under the United Nations Convention Against Torture."  Id.  For yet a third time, Petitioner improperly filed a petition for review in the Ninth Circuit, which entered a temporary stay and again transferred the petition and stay to this court.  Salgado-Toribio v. Holder, 12-72441 (9th Cir. order filed Sep. 5, 2012).  We denied Petitioner's motion to continue or reinstate the stay of removal.  (Order filed Nov. 28, 2012).  Petitioner has applied for *in forma pauperis* status and Respondent has moved to dismiss the petition for lack of jurisdiction.  In his brief, Petitioner points to the dangerous situation in Mexico and the threat that his three children (who are United States citizens) would face if taken to Mexico.  He also makes a passing due process argument, asserting that "denial of the right to a full and fair hearing may violate the Constitutional guarantee of 'Due Process,'" Petitioner's Br. at 3, and that his children's due process rights support reopening his removal proceedings, id. at 6.

## II.

We start with Petitioner's *in forma pauperis* application.  Federal law allows us to authorize an appeal "without prepayment of fees or security therefor, by a person who

submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). But section 1915(e) requires us to dismiss an *in forma pauperis* appeal at any time if we determine the "appeal . . . is frivolous or malicious." § 1915(e)(2)(B)(i). Petitioner here is not a "prisoner" as defined in this section, but we have held that "[s]ection 1915(a) applies to all persons applying for IFP status, and not just to prisoners." Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Likewise, we apply section 1915(e)'s "frivolous or malicious" standard to both prisoner and non-prisoner litigation. See Merryfield v. Jordan, 584 F.3d 923, 926 (10th Cir. 2009).

Applying section 1915(e)'s standard, we cannot grant Petitioner leave to proceed *in forma pauperis*. An appeal is frivolous under this section if it is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In his brief, Petitioner only challenges the BIA's holding that Petitioner had not presented an exceptional situation warranting *sua sponte* reopening of his removal proceedings. But our precedent clearly forecloses any review of that discretionary decision. In Belay-Gebru v. I.N.S., 327 F.3d 998, 1001 (10th Cir. 2003), we held that we have no jurisdiction to review the BIA's decision not to reopen removal proceedings *sua sponte*. See also Tamenut v. Mukasey, 521 F.3d 1000, 1004 (8th Cir. 2008) (noting it was joining ten other circuits in holding such BIA decisions are unreviewable). So this petition for review is one we could *never* grant under any circumstances. Such a petition is "indisputably meritless." Nor should this catch Petitioner by surprise. We cited Belay-Gebru when we denied his earlier petition from the BIA's denial of *sua sponte* reopening.

See Salgado-Toribio v. Holder, 11-9537 (10th Cir. order filed Dec. 12, 2011). Yet Petitioner once again sought review of a nearly identical BIA decision.

Nor does Petitioner's attempt at a due process argument vest us with jurisdiction. We do have jurisdiction to review "constitutional claims or questions of law" raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D). But we have held that we have no jurisdiction over due process claims of this variety. Arambula-Medina v. Holder, 572 F.3d 824, 828 (10th Cir. 2009). "[I]n immigration proceedings, a petitioner has no liberty or property interest in obtaining purely discretionary relief." Id. (quoting Dave v. Ashcroft, 363 F.3d 649, 653 (7th Cir. 2004)). "Because aliens do not have a constitutional right to enter or remain in the United States, the only protections afforded are the minimal procedural due process rights for an 'opportunity to be heard at a meaningful time and in a meaningful manner.'" Id. (quoting de la Llana-Castellon v. I.N.S., 16 F.3d 1093, 1096 (10th Cir. 1994)). Petitioner has not argued that he was deprived of these minimal procedural safeguards. Thus, he has not asserted a non-frivolous constitutional claim sufficient to give us jurisdiction.

We have no difficulty concluding this petition is frivolous based on its arguments alone. But we also note that Petitioner has repeatedly taken advantage of the federal court of appeals' stay procedures. Prior to 1996, courts of appeals could not review a deportation order if the alien was already outside the United States. 8 U.S.C. § 1105a(c) (1994 ed.). Accordingly, the immigration laws gave most aliens an automatic stay of deportation while judicial review was pending. § 1105a(a)(3) (1994 ed.) But in 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of

1996 (IIRIRA), which altered the prior system in two ways. First, the IIRIRA allowed courts to consider a petition for review even once an alien had been removed. Second, the Act did away with the automatic stay and replaced it with this provision: "Service of the petition on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise." 8 U.S.C. § 1252(b)(3)(B). Thus, an alien may only obtain a stay of removal if he meets his burden of "showing that the circumstances justify an exercise of [the court's] discretion." Nken v. Holder, 556 U.S. 418, 434 (2009). In deciding whether to grant a stay of removal, a court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id.

The Supreme Court has made clear that a stay of removal should not be granted as a matter of course, but only when the alien has satisfied his burden. The alien must also do more than allege that removal constitutes irreparable harm because "the burden of removal alone cannot constitute the requisite irreparable injury." Id. at 435. The Court has also noted that "[t]here is always a public interest in prompt execution of removal orders . . . ." Id. at 436. This "interest in prompt removal may be heightened by the circumstances as well—if, for example, the alien . . . has substantially prolonged his stay by abusing the processes provided to him." Id.

Abusing the processes provided is exactly what Petitioner has done here. Whether through inadvertence or design, he filed his first petition for review in the Ninth Circuit,

the only circuit in the country that grants a temporary stay automatically upon the filing of a motion for stay of removal.[1]  See Ninth Circuit General Order 6.4(c) ("Upon the filing of a motion or request for stay of removal or deportation, the order of removal or deportation is temporarily stayed until further order of the court.").  Despite learning that the Ninth Circuit was an improper venue for his petition, he re-filed two more petitions for review in that circuit.  In this case, the effect of the Ninth Circuit's General Order 6.4(c) was to buy Petitioner three extra periods of 25, 53, and 36 days, respectively.  In addition to this delay, Petitioner benefited from the delay caused by transferring his petitions to this circuit.

We would prefer the Ninth Circuit not automatically grant a stay of removal whenever it transfers improperly filed petitions to this circuit.  "A stay of removal is an extraordinary remedy that should not be granted in the ordinary case, much less awarded as of right."  Nken, 556 U.S. at 437 (Kennedy, J., concurring).  When a petition for review and a motion for stay are filed in the wrong circuit, that circuit may examine the Nken factors and deny the stay motion before transferring the case.  See Maldonado-Padilla v. Holder, 651 F.3d 325 (2d Cir. 2011) (Jacobs, Chief Judge, in chambers).  The Ninth Circuit may well have wanted to defer to our judgment regarding the propriety of a stay since venue was proper in this circuit.  Unfortunately, that circuit's deference to us,

_____

[1] The Ninth Circuit's procedural order does not give petitioning aliens the full advantages of the pre-IIRIRA automatic stay, which took effect automatically when the petition for review was filed and lasted until "determination of the petition by the court." See 8 U.S.C. § 1105a(a)(3).  But the Ninth Circuit's practice gets petitioners halfway there.  The temporary stay takes effect when the petition is filed as long as the petitioner simultaneously moves for a stay.  And it lasts until the Ninth Circuit has an opportunity to consider the stay motion.

combined with its General Order 6.4c, creates an incentive for forum shopping. Aliens such as Petitioner will learn they can significantly delay removal by improperly filing petitions in the Ninth Circuit and benefiting from that circuit's lenient stay rules. If the Ninth Circuit would consider the <u>Nken</u> standard before it transfer petitions and deny stays that do not satisfy that standard, it would reduce the incentive for aliens to engage in these dilatory tactics.[2]

III.

After our discussion of Petitioner's *in forma pauperis* application, the proper resolution of Respondent's motion to dismiss follows as clearly as night from day. Petitioner has, for the third time, failed to raise any issue that we have jurisdiction to review. So we grant Respondent's motion to dismiss.

Petitioner is no longer eligible for voluntary removal because he has filed two motions to reopen before the BIA and three petitions for review in the court of appeals. The regulations provide that if an alien "files a post-decision motion to reopen or reconsider" or a petition for review during the period for voluntary departure, the grant of voluntary departure terminates automatically and the alternate order of removal takes

---

[2] One might question whether the Ninth Circuit has jurisdiction to deny the stay in such a case because it is not the proper venue for the petition. Whether 8 U.S.C. § 1252(b)(2) affects our subject matter jurisdiction or is an ordinary venue provision is a question neither this circuit nor the Ninth Circuit has decided. <u>See</u> <u>Trejo-Mejia v. Holder</u>, 593 F.3d 913, 915 n.2 (9th Cir. 2010). But, either way, *granting* a stay is just as much an exercise of jurisdiction as denying a stay.

effect immediately.[3]  8 C.F.R. § 1240.26(b)(1)(ii) and 1240.26(i).  Because Petitioner is subject to removal and no stay is in effect, the Department of Homeland Security is at liberty to enforce its removal order.

We GRANT Respondent's motion to dismiss the petition for lack of jurisdiction and DENY Petitioner's motion to proceed *in forma pauperis*.  If Petitioner again files a frivolous petition for review we will *not* grant him *in forma pauperis* status, will *not* grant him 30 days to brief his motion to stay removal, and will likely impose sanctions under Federal Rule of Appellate Procedure 38.

---

[3] The BIA warned Petitioner of this consequence when it denied his appeal from the immigration judge's decision.  Administrative Record at 91.