FILED
United States Court of Appeals
Tenth Circuit

September 8, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN PRIESTLEY, JR.,

      Petitioner - Appellant,

v.

MICHAEL G. PRIESTLEY, Trustee;
BILL SHEPPARD; JOHN PRIESTLEY
SR., LIVING TRUST; and PATRICK
PRIESTLEY

      Defendants - Appellees.

No. 14-6079
(D.C. No. 5:12-CV-00323-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

The district court dismissed John Priestley Jr.'s suit without prejudice for failure to timely serve defendants as required by Fed. R. Civ. P. 4(m). The district court noted that Priestley Jr. had previously been granted numerous extensions of time in which to serve the complaint and amended complaints. On October 24, 2013, the district court granted Priestley Jr. one final forty-five day extension in which to perfect service. He failed to do so, and the district court subsequently dismissed Priestley Jr.'s suit without prejudice to

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

refiling and denied Priestley Jr.'s Motion to Amend Complaint. It also denied his motion to proceed on appeal *in forma pauperis* ("IFP"), concluding that any appeal taken would not be in good faith.

Dismissal Without Prejudice

We review the district court's dismissal of appellant's complaint without prejudice for failure to perfect service under an abuse of discretion standard. *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). As Priestley Jr. is pro se, we afford his pleadings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having reviewed Priestley Jr.'s Opening Brief, we conclude that the district court did not abuse its discretion in dismissing the complaint without prejudice. Priestley Jr.'s only assertion regarding his failure to serve process appears to be a disagreement with the district court over the amount of "due diligence" necessary to permit service by publication. Appellant's Br. 1. As the district court correctly noted, due diligence is to be assessed on the facts and circumstances of a given case. Here, Priestley Jr. did no more than request that the United States Marshals personally serve the defendants at three Arizona addresses and, after personal service proved unsuccessful, provide the United States Marshals with the exact same Arizona addresses in an attempt to serve the defendants with alias summonses by mail. The district court did not abuse its discretion in determining that such efforts did not constitute "due diligence" and in dismissing Priestley Jr.'s complaint without prejudice.

Denial of Motion to Amend Complaint

As the district had previously dismissed Priestley Jr.'s claim, it correctly denied his Motion to Amend Complaint.

Leave to Proceed *in Forma Pauperis*

Under 28 U.S.C. § 1915, any court of the United States may grant pauper status to "allow indigent persons to prosecute, defend or appeal suits without prepayment of costs." *Coppedge v. United States*, 369 U.S. 438, 441 (1962). While Priestley Jr. is not a prisoner as defined by 28 U.S.C. § 1915, "'[s]ection 1915(a) applies to all persons applying for IFP status, and not just to prisoners.'" *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)). Here, under 28 U.S.C. § 1915(a)(3), the district court certified that any appeal would not be taken in good faith and denied Priestley Jr.'s motion to proceed *in forma pauperis* on appeal. In light of that action, we will only grant pauper status if we conclude that the appeal contains a non-frivolous argument. *See Rolland v. Primesource Staffing*, *L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Turning to Priestley Jr.'s motion, for substantially the reasons stated by the district court, we similarly determine that this appeal is not taken in good faith and that Priestley Jr. has failed to show the existence of a reasoned, nonfrivolous argument on the law and

facts in support of the issues raised on appeal. We remind him that he must pay the filing and docket fees in full to the clerk of the district court.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge