FILED
United States Court of Appeals
Tenth Circuit

January 28, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ISRAEL JUAREZ-GONZALEZ,
a/k/a Pelon,

              Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

              Respondent.

No. 14-9558
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

---

Israel Juarez-Gonzalez petitions for review of the Board of Immigration

Appeals' (BIA) denial of his second motion to reopen. We dismiss in part and deny

in part the petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Juarez-Gonzalez, a native and citizen of Mexico, entered the United States illegally in 1994. In 2011, the Department of Homeland Security sought his removal as an alien present in the United States without being admitted or paroled. During a hearing before an immigration judge (IJ), at which he was represented by counsel, Mr. Juarez-Gonzalez conceded removability but requested cancellation of removal and voluntary departure. After Mr. Juarez-Gonzalez testified at a subsequent hearing, the IJ denied him cancellation of removal, but granted voluntary departure.

In denying cancellation of removal, the IJ found that Mr. Juarez-Gonzalez had been continuously physically present in the United States for at least a ten year period; he was a person of good moral character; and he had not been convicted of a crime that made him ineligible for relief. *See* 8 U.S.C. § 1229b(b)(1)(A)-(C) (listing first three factors alien must demonstrate to obtain cancellation of removal). But the IJ concluded that he failed to establish that his removal would result in "exceptional and extremely unusual hardship" to a qualifying relative, in this case Mr. Juarez-Gonzalez's three children who are United States citizens. *See id.* § 1229b(b)(1)(D). The IJ noted that Mr. Juarez-Gonzalez was primarily concerned with his ability to meet his children's special-education needs in Mexico. The IJ found that "[w]hile the children would no doubt face certain obstacles in adjusting to a new school system, there is no indication that this adjustment would rise to the level of exceptional and extremely unusual hardship." Admin. R. at 752.

The BIA dismissed Mr. Juarez-Gonzalez's appeal, agreeing with the IJ that he failed to demonstrate exceptional and extremely unusual hardship. It noted that, aside from a letter from a special educator, he had not submitted further documentary evidence regarding his children's special-education needs in school. The BIA concluded, "The evidence shows that while his children have some special needs in school they are not *compelling* special needs." *Id.* at 618.

Mr. Juarez-Gonzalez filed a timely motion to reopen based on new evidence, specifically Individual Education Program (IEP) documents in support of his claim that his children have compelling special-education needs. He further represented in his motion that his wife was applying for Deferred Action for Childhood Arrivals (DACA). Mr. Juarez-Gonzalez asserted that his wife's pending DACA application called into question whether she and the children would accompany him to Mexico, as she could not continue to pursue that relief if she left the United States.

The BIA denied the motion to reopen. It held that the newly submitted IEP documents did not constitute new evidence because Mr. Juarez-Gonzalez failed to demonstrate that these or similar documents could not reasonably have been presented to the IJ. Additionally, because the IEP documents were substantially similar to the record evidence, the BIA concluded that they were also not material evidence. The BIA further held that Mr. Juarez-Gonzalez had not demonstrated a material change in his children's hardship based on a speculative claim that his wife may be granted DACA.

Mr. Juarez-Gonzalez retained new counsel and filed a second motion to reopen. He asked the BIA to sua sponte reopen his case based on a claim of ineffective assistance of counsel. He first argued that his former counsel was ineffective in failing to obtain and present all of the available evidence of hardship to his children based on their special-education needs. In addition, after representing that his wife had been granted DACA, he claimed that his former counsel was also ineffective in failing to inform the IJ that he was eligible for DACA and other relief.

The BIA denied Mr. Juarez-Gonzalez's second motion to reopen. It found that the motion was both untimely and number-barred. And because he failed to demonstrate that he was prejudiced by his former counsel's representation, the BIA held that equitable tolling of the filing restrictions on motions to reopen was not warranted in this case. It also declined to exercise its authority to reopen the case sua sponte.

As to prejudice, the BIA found that the evidence indicated that Mr. Juarez-Gonzalez's oldest child was receiving special-education services, specifically to improve his expressive English-language skills; the youngest child no longer required special education; and there was no evidence regarding the nature and degree of the middle child's claimed disability. The BIA held that the cumulative evidence regarding the children's special-education needs did not satisfy the exceptional and extremely unusual hardship requirement for cancellation of

- 4 -

removal.  Therefore, Mr. Juarez-Gonzalez had not shown that, but for his counsel's ineffective performance, the result of the case would likely have been different.

## II.    Petition For Review

In his petition for review, Mr. Juarez-Gonzalez argues that the BIA erred in finding that he failed to show he was prejudiced by his former counsel's representation.  He claims that counsel was ineffective in two respects:  (1) failing to present evidence of his children's hardship and (2) failing to exhaust his administrative remedy.

Regarding hardship, Mr. Juarez-Gonzalez asserts that his former counsel initially failed to provide the IJ with complete documentation of his children's compelling special-education needs.  Then, in his first motion to reopen, former counsel failed to provide the IJ with evidence regarding special-education programs in Mexico.  Mr. Juarez-Gonzalez also contends that the BIA failed to consider the additional evidence he submitted and did not weigh the hardship evidence in the aggregate.

Regarding his failure to exhaust his administrative remedy, Mr. Juarez-Gonzalez does not elaborate on his contention that his counsel was ineffective.  He states only that he requested consideration of his eligibility for DACA and that the BIA has the authority to administratively close removal proceedings under appropriate circumstances.

### III.    Discussion

In general, an alien may file only one motion to reopen immigration proceedings, and it "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2).  But the time and numerical limitations on motions to reopen may be equitably tolled in circumstances of ineffective assistance of counsel.  *See Riley v. INS*, 310 F.3d 1253, 1257-58 (10th Cir. 2002).  A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."  *Id.* § 1003.2(c)(1).  "The decision to grant or deny a motion to reopen . . . is within the discretion of the [BIA] . . . ."  *Id.* § 1003.2(a).  Thus, we review the BIA's denial of a motion to reopen for an abuse of discretion.  *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004).

We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's denial of a motion to reopen as a "final, separately appealable order."  *Infanzon*, 386 F.3d at 1361.  The Attorney General contends we nonetheless lack jurisdiction to review some of Mr. Juarez-Gonzalez's claims.  We agree, and to the extent that he seeks review of issues outside of this court's jurisdiction, we dismiss his petition for review.

We lack jurisdiction to review the BIA's discretionary decision not to sua sponte reopen proceedings in this case.  *Salgado-Toribio v. Holder*, 713 F.3d 1267,

1270-71 (10th Cir. 2013). We are also precluded from reviewing the BIA's discretionary determinations under § 1229b regarding applications for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i) (providing "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b"). Whether an alien has demonstrated exceptional and extremely unusual hardship as required by § 1229b(b)(1)(D) is an unreviewable discretionary determination. *Alzainati v. Holder*, 568 F.3d 844, 848 (10th Cir. 2009) (concluding the "hardship determination involved an exercise of discretion insulated from our review under [8 U.S.C.] § 1252(a)(2)(B)([i])"). We likewise lack "jurisdiction to review the BIA's denial of a motion to reopen because the alien still has failed to show the requisite hardship." *Id.* at 849.

We can review Mr. Juarez-Gonzalez's claim that the BIA failed to consider his new and pertinent evidence in denying his motion to reopen. *See id.* at 850. But that claim has no merit: the BIA stated that it considered "the evidence of the children's educational needs at the time of the removal hearing *and* the evidence offered with the motions." Admin. R. at 8 (emphasis added).

Mr. Juarez-Gonzalez otherwise contends that the BIA abused its discretion in holding that he was not prejudiced by his former counsel's allegedly ineffective assistance. But the BIA's no-prejudice determination was predicated entirely on its holding that the totality of the evidence—i.e., everything Mr. Juarez-Gonzalez contended that his former counsel should have submitted to the IJ—still failed to

satisfy the requisite level of hardship for cancellation of removal. The BIA therefore concluded that Mr. Juarez-Gonzalez was not prejudiced because such evidence would not have altered the outcome of his case. Thus, we cannot review the BIA's no-prejudice holding without also reviewing its hardship determination, which is an unreviewable discretionary decision.[1]

Lastly, Mr. Juarez-Gonzalez contends that his counsel was ineffective in failing to exhaust his administrative remedy and the BIA failed to consider other administrative relief. Although we have jurisdiction to review these claims, he fails to develop a sufficient argument to allow for meaningful appellate review. *See U.S. ex rel. Boothe v. Sun Healthcare Grp., Inc.*, 496 F.3d 1169, 1175 (10th Cir. 2007) ("We have long made clear that . . . conclusory and ill-developed arguments are insufficient to permit us meaningful judicial review and will not be entertained.") In any event, Mr. Juarez-Gonzalez has not shown an abuse of discretion by the BIA.

The petition for review is dismissed in part for lack of jurisdiction and otherwise denied.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[1]     Despite the jurisdictional bar in § 1252(a)(2)(B)(i), we retain jurisdiction to review constitutional claims and questions of law under 8 U.S.C. § 1252(a)(2)(D). *See Alzainati*, 568 F.3d at 850. But Mr. Juarez-Gonzalez does not respond to the Attorney General's argument that he has not raised a non-frivolous constitutional claim or question of law.