FILED
United States Court of Appeals
Tenth Circuit

February 18, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MIGUEL ANGEL MORALES-
PANTOJA,

 Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

 Respondent.

No. 14-9556
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

 Miguel Angel Morales-Pantoja, a Mexican national, petitions for review of a

Board of Immigration Appeals' (BIA) decision denying his motion to reopen removal

proceedings *sua sponte*. We dismiss the petition for lack of jurisdiction.

 Morales-Pantoja entered this country in 1992 without inspection. In 1994, he

pleaded guilty to the Utah felony of forcible sexual abuse. Following his conviction,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he was placed in removal proceedings, conceded he was removable, and sought no relief from removal. On September 30, 1994, an immigration judge (IJ) sustained the charge and ordered Morales-Pantoja removed to Mexico.

More than nineteen years later, on January 23, 2014, Morales-Pantoja filed a motion to reopen removal proceedings *sua sponte*. He argued that his Utah conviction had been reduced to a misdemeanor—attempted sexual battery—and therefore he wished to reopen proceedings to pursue an application for adjustment of status. The IJ denied his request, and the BIA affirmed, ruling, among other things, that he failed to show exceptional circumstances warranting reopening his case.

Now in this court, Morales-Pantoja contends the BIA violated his due process rights by declining to *sua sponte* reopen his removal proceedings. This court lacks jurisdiction to review the BIA's discretionary decision to deny a motion to reopen *sua sponte*. *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270-71 (10th Cir. 2013); *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004).[1] Although we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), Morales-Pantoja's attempt to cast his argument as a deprivation of due process is unavailing because an alien in removal proceedings "has no liberty or property interest in obtaining purely discretionary relief," *Salgado-Toribio*, 713 F.3d

---

[1]    The Supreme Court has specifically reserved the question of whether federal courts may review the BIA's denial of a motion to reopen *sua sponte*, *Kucana v. Holder*, 558 U.S. 233, 251 n.18 (2010), but our precedent prevents us from reviewing such decisions, *see Mendiola v. Holder*, 576 F. App'x 828, 836-37 (10th Cir. 2014) (unpublished) (citing cases).

- 2 -

at 1271 (internal quotation marks omitted).  Moreover, our lack of jurisdiction over the BIA's discretionary basis for denying relief forecloses our review of its alternative grounds.  *See Ekasinta v. Gonzales*, 415 F.3d 1188, 1191 (10th Cir. 2005) ("[I]f there are two alternative grounds for a decision and we lack jurisdiction to review one, it would be beyond our Article III judicial power to review the other.").

Accordingly, the petition for review is dismissed for lack of jurisdiction.


Entered for the Court


Nancy L. Moritz
Circuit Judge