**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TAMI MAE BRONNENBERG,

     Plaintiff - Appellant,

v.

BEAU J. EGGER, arresting officer;
WILLIAM K. STRUEMKE, attorney;
SARA L. STRUEMKE, secretary;
SERVICM LEGAL SERVICES, LLC;
MARLIN D. RICHARDSON, DC; BIG
HORN BASIN CHIROPRACTIC; CITY
OF CODY; PARK COUNTY
DETENTION CENTER; BOARD OF
COUNTY COMMISSIONERS OF THE
COUNTY OF PARK, STATE OF
WYOMING,

     Defendants - Appellees.

No. 19-8055
(D.C. No. 2:19-CV-00021-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Tami Mae Bronnenberg appeals the district court's judgment in favor of the defendants on her pro se civil rights complaint. We affirm.

**BACKGROUND**

In her amended complaint, Ms. Bronnenberg alleged that defendant Beau J. Egger arrested her on January 31, 2017, based on a warrant that was issued January 9, 2017. Before Officer Egger arrested her, she informed him that the warrant had been vacated, and she showed him a court order vacating the warrant. He nevertheless proceeded with the arrest.[1] He transported her to the Park County Detention Center where she was booked in and released approximately one hour later.

The amended complaint asserted numerous claims against the defendants under 42 U.S.C. § 1983, including claims based on alleged conspiracy and kidnapping and purported federal and state-law violations. The district court screened the complaint and dismissed all Ms. Bronnenberg's claims with prejudice except her Fourth Amendment false-arrest/false-imprisonment claim against Officer Egger. It found that allowing further amendment of the dismissed claims would be futile.

Officer Egger filed a motion to dismiss the Fourth Amendment claim. He submitted evidence with the motion and requested that the district court treat it as a motion for summary judgment. In an affidavit accompanying the motion Officer

---

[1] Ms. Bronnenberg averred that Officer Egger told her, "[L]et's take you in and get it straightened out." R. at 168 (internal quotation marks omitted).

Egger stated that before arresting Ms. Bronnenberg, he confirmed the arrest warrant through the Park County Dispatch Center, which informed him that it was still active and outstanding. Officer Egger further explained that police headquarters uses the "RIMS Computer Aided Dispatch System" to keep track of warrants. R. at 129. The order vacating Ms. Bronnenberg's arrest warrant was not inputted into the RIMS system until 11:13 p.m. on January 31, 2017, more than an hour after Officer Egger arrested Ms. Bronnenberg and a few minutes after she was released from custody.

After notice to Ms. Bronnenberg, the district court converted the motion to dismiss to a motion for summary judgment. It considered the materials she filed in opposition to the motion and granted summary judgment in Officer Egger's favor. The district court found that he was entitled to qualified immunity because the warrant was facially valid at the time of the arrest. It also denied Ms. Bronnenberg's motions for summary judgment and declaratory judgment.

## DISCUSSION

We review the grant of summary judgment based on qualified immunity de novo. *Estate of Smart ex rel. Smart v. City of Wichita*, 951 F.3d 1161, 1169 (10th Cir. 2020). "[W]e will affirm a district court's grant of qualified immunity unless the plaintiff can show (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Id.* (internal quotation marks omitted). "If the plaintiff fails to satisfy either part of the two-part inquiry, a court must grant the defendant qualified

3

immunity." *Grissom v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018). Courts have discretion to decide which of the two elements to address first. *See id.*

The district court determined that Ms. Bronnenberg had failed to establish either element of the qualified-immunity test. We affirm summary judgment because Ms. Bronnenberg has not shown that the right she claims Officer Egger violated was clearly established at the time of his actions. "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id.* at 1168 (alteration and internal quotation marks omitted). The Supreme Court has cautioned us repeatedly against defining clearly established law at a high level of generality. *See id.*

Ms. Bronnenberg presents no clearly established law that would prevent an officer from relying on a facially valid arrest warrant to perform an arrest under the circumstances of this case. *Cf. Hill v. Bogans*, 735 F.2d 391, 393 (10th Cir. 1984) (holding officer who arrested plaintiff on a withdrawn but facially valid bench warrant, after calling police station and being incorrectly advised that warrant remained outstanding, was not responsible for allegedly unlawful arrest). We therefore affirm summary judgment for Officer Egger.

Ms. Bronnenberg's opening brief includes other arguments. Apparently challenging the dismissal on screening of her claims against the Park County entities, she argues that the RIMS computer system is a "regulation, custom, or usage having the force of law . . . of the Park County Sheriff's Office" that somehow violated her

4

constitutional rights. Aplt. Opening Br. at 11. This argument is insufficiently developed or explained to invoke our appellate review, and we decline to consider it. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (stating arguments inadequately presented in an opening brief are waived).

Ms. Bronnenberg also argues that the in forma pauperis (IFP) statute, 28 U.S.C. § 1915, unconstitutionally stigmatized and discriminated against her by including her within "the class of indigent prisoners." Aplt. Opening Br. at 7 (punctuation omitted). This argument is frivolous. We have long recognized that significant portions of § 1915 apply "to all persons applying for IFP status, and not just to prisoners," *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (internal quotation marks omitted), but that the statute "draws several distinctions between prisoners and nonprisoners," *Merryfield v. Jordan*, 584 F.3d 923, 926 (10th Cir. 2009). Ms. Bronnenberg advances no non-frivolous argument that making the same IFP statute apply to both prisoner and non-prisoner applicants stigmatizes or discriminates against her.

## CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge

5