FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRUNO NUNEZ-OREJUELA,

     Petitioner,

v.

JEFFREY ROSEN,
Acting United States Attorney General,*

     Respondent.

No. 20-9512
(Petition for Review)

_____

**ORDER AND JUDGMENT**\*\*
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Bruno Nunez-Orejuela, a native and citizen of Colombia, petitions for review

of a decision by the Board of Immigration Appeals (BIA) declining to reopen his

immigration proceeding sua sponte. Because we lack jurisdiction to review the

BIA's discretionary decision that Mr. Nunez failed to show an exceptional situation,

_____

\* On December 24, 2020, Jeffrey Rosen became Acting Attorney General of
the United States. Consequently, his name has been substituted for William P. Barr
as Respondent, per Fed. R. App. P. 43(c)(2).

\*\* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

which decision alone supports the BIA's denial of reopening, we dismiss the petition for review for lack of jurisdiction in part and deny the remainder as moot.

## BACKGROUND

Mr. Nunez was deported after pleading guilty to a drug offense in Utah. He later illegally returned to the United States, obtained an approved visa petition through his marriage to a United States citizen, and convinced the Utah courts to vacate his drug conviction. He therefore sought to reopen his prior immigration proceeding so that he could adjust his status. The immigration judge denied his motion to reopen and to rescind his earlier deportation order, and the BIA dismissed his appeal. The BIA then denied his motion for reconsideration. Mr. Nunez did not seek review of those decisions. Instead, he moved the BIA to exercise its sua sponte authority to reopen his proceeding.

The motion to reopen sua sponte stated that, after the BIA's dismissal of Mr. Nunez's appeal, his wife was granted legal guardianship and custody of her grandchildren, one of whom suffers from psychological issues. Mr. Nunez argued that the special needs of this grandchild, combined with other challenges in the family's lives, constituted exceptional hardship that made sua sponte reopening appropriate. The BIA, however, held that the motion "does not demonstrate an exceptional situation that would warrant the exercise of our discretion to reopen

2

proceedings under our sua sponte authority." Admin. R., Vol. 1 at 3. It therefore denied relief.[1] Mr. Nunez petitions for review of that decision.

## DISCUSSION

"The [BIA] may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a).[2] The BIA has held that its sua sponte authority is "an extraordinary remedy reserved for truly exceptional situations." *In re G-D-*, 22 I. & N. Dec. 1132, 1134 (BIA 1999). But "[t]he regulation . . . provides no standards controlling or directing the BIA's decision whether to reconsider on its own motion." *Belay-Gebru v. INS*, 327 F.3d 998, 1001 (10th Cir. 2003) (citing *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)). We therefore have held that we lack jurisdiction to review the BIA's discretionary decision not to exercise its sua sponte authority "[b]ecause we have no meaningful standard against which to judge the BIA's exercise of its discretion." *Id.*

We also have stated, however, that even in cases involving the BIA's sua sponte authority, we retain "jurisdiction to review 'constitutional claims or questions of law' raised in a petition for review." *Salgado-Toribio v. Holder*,

---

[1] The BIA further stated that reopening was not warranted because Mr. Nunez was not eligible to adjust his status, in that his vacated drug conviction established a reason to believe he participated in drug trafficking. We do not reach Mr. Nunez's challenge to this alternative reason. The BIA's exceptional-situation determination alone supports the denial of the motion to reopen, and for the reasons discussed below, we lack jurisdiction to review that decision. We therefore deny as moot that portion of the petition challenging the BIA's alternative rationale.

[2] This provision has been amended effective January 15, 2021, but the prior version of the regulation applies here.

713 F.3d 1267, 1271 (10th Cir. 2013) (quoting 8 U.S.C. § 1252(a)(2)(D)).  The

Supreme Court recently held that the term "questions of law" in § 1252(a)(2)(D)

"includes the application of a legal standard to undisputed or established facts."

*Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020).  Mr. Nunez asserts that

*Guerrero-Lasprilla* allows this court to review the BIA's denial of his motion to

reopen sua sponte.

Mr. Nunez attempts to dress his arguments as questions of law, but simply put,

they boil down to assertions that the BIA erred in concluding that the facts of his case

failed to establish an exceptional situation.  The exceptional-situation decision is a

discretionary one.  *See Salgado-Toribio*, 713 F.3d at 1270-71 ("Petitioner only

challenges the BIA's holding that Petitioner had not presented an exceptional

situation warranting *sua sponte* reopening of his removal proceedings.  But our

precedent clearly forecloses any review of that discretionary decision.").  And we are

not persuaded that *Guerrero-Lasprilla* makes that discretionary decision reviewable.

As stated above, the BIA's decision is unreviewable due to a lack of any

"meaningful standard against which to judge the BIA's exercise of its discretion."

*Belay-Gebru*, 327 F.3d at 1001.  *Guerrero-Lasprilla* did not involve a motion to

reopen under the BIA's sua sponte authority, and it did not establish any standard for

this court to apply in such circumstances.

Moreover, we recently rejected a *Guerrero-Lasprilla* argument in the context

of another type of unreviewable discretionary decision—the agency's determination

that a petitioner failed to show the exceptional hardship necessary for cancellation of

4

removal. In *Galeano-Romero v. Barr*, 968 F.3d 1176, 1182 (10th Cir. 2020), the petitioner "attempt[ed] to raise a question of law under § 1252(a)(2)(D) by asserting that the [BIA] misapplied its own precedent regarding what qualifies as 'exceptional and extremely unusual hardship.'" Notwithstanding *Guerrero-Lasprilla*, we held that "[a] petition for review does not raise a question of law by disputing the [BIA's] appraisal of the degree of hardship likely to [the petitioner's] wife." *Id.* We concluded that "[w]e lack jurisdiction to review the [BIA's] discretionary decision, based on the facts of the case, whether an alien's spouse will suffer an exceptional and extremely unusual hardship." *Id.* at 1182-83. Similarly, we are not convinced that Mr. Nunez raises a reviewable question of law by asserting that the BIA misapplied its precedent in concluding that the facts of his case failed to establish an exceptional situation warranting exercise of its sua sponte authority.

## CONCLUSION

The petition for review is dismissed in part and denied as moot in part.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

5