**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ENRIQUE DOMINGUEZ,

     Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,*

     Respondent.

No. 20-9592
(Petition for Review)

_____

**ORDER AND JUDGMENT**\*\*
_____

Before **HARTZ, BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

Enrique Dominguez petitions for review of an order of the Board of

Immigration Appeals (the Board) denying his motion to reopen his removal

proceedings.  We dismiss the petition for review in part and deny it in part.

---

\* On March 11, 2021, Merrick B. Garland became Attorney General of the
United States.  Consequently, his name has been substituted for William P. Barr as
Respondent, per Fed. R. App. P. 43(c)(2).

\*\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Petitioner is a native and citizen of Mexico who entered the United States as a lawful permanent resident in 1981. In 1996 he pleaded guilty in state court to possession of a controlled substance. In 1998 the former Immigration and Nationalization Service, now the Department of Homeland Security, charged him as removable for having been convicted of an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). In September 1998 an immigration judge (IJ) ordered Petitioner removed to Mexico. He waived his right to appeal. After he was removed, he returned to the U.S. illegally and his removal order was reinstated. But he illegally reentered again after the second removal and he was removed a third time.

Then, in 2015—some 17 years after the 1998 removal order—Petitioner filed with the IJ a motion to reopen, claiming he received ineffective assistance of counsel and seeking a discretionary waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act.[1] An IJ denied the motion on multiple grounds. In 2017 the Board agreed with the IJ's decision and dismissed Petitioner's appeal. We

---

[1] Section 212(c) of the INA was codified at 8 U.S.C. § 1182(c). It gave the Attorney General discretion "to grant waivers from removal to deportable aliens who were long-time lawful residents of the United States and met other eligibility criteria." *Sosa-Valenzuela v. Holder*, 692 F.3d 1103, 1107 (10th Cir. 2012). As pertinent here, it authorized discretionary waivers for certain noncitizens who were removable based on certain types of convictions obtained by guilty pleas entered before April 1, 1997. *See id.* at 1108. Congress enacted legislation in 1996 that reduced the class of noncitizens eligible for such waivers, and later that year it repealed § 212(c) when it enacted 8 U.S.C. § 1229b, which permits cancellation of removal for a narrower class of resident noncitizens. *See United States v. Almanza-Vigil*, 912 F.3d 1310, 1324 n.12 (10th Cir. 2019).

dismissed his petition for review of that decision as untimely. *See*

*Dominguez-Gutierrez v. Sessions*, No. 17-9526, Order at 2 (10th Cir. July 31, 2017).

Undaunted, Petitioner filed with the Board in 2020 the motion to reopen at issue here, again seeking a waiver of inadmissibility under § 212(c). The Board denied the motion as time and number barred.[2] It also declined to exercise its discretion to sua sponte reopen, concluding that Petitioner was ineligible for a § 212(c) waiver because he reentered the country illegally after his removal and the case did not present an exceptional situation that would warrant sua sponte reopening. The Board rejected Petitioner's argument that *Judulang v. Holder*, 565 U.S. 42 (2011) and the Board's subsequent decision in *Matter of Abdelghany*, 26 I. & N. Dec. 254 (BIA 2014) "represent[ed] a fundamental change in law" warranting sua sponte reopening, R. at 44, noting (1) that neither decision applied to Petitioner's circumstances and (2) that since both predated his 2015 motion, they were not "new law," *id.* at 3. Finally, the Board denied the motion to the extent it sought reconsideration of the Board's 2017 decision, because it was untimely and failed to show the prior decision was legally or factually erroneous. *See* 8 U.S.C. § 1229a(c)(6)(B), (C) (motions to reconsider must be filed within 30 days of entry of

---

[2] Subject to exceptions not applicable here, noncitizens are limited to one motion to reopen, which must be filed within 90 days after entry of the final removal order. *See* 8 U.S.C. § 1229a(c)(6)(A) (number limit), (7)(C)(i) (deadline); 8 C.F.R. § 1003.2(c)(2) (number limit and deadline), *id.* § 1003.23(b)(1) (same).

final order of removal and must "specify the errors of law or fact in the previous order").

## II. Discussion

Petitioner seeks review of the Board's denial of his 2020 motion to reopen. Respondent has moved to dismiss for lack of jurisdiction the portion of the petition seeking review of the denial of sua sponte reopening. We find no abuse of discretion in the Board's denial of the motion as time-barred and we agree with Respondent that we lack jurisdiction to review the Board's denial of sua sponte reopening.

### 1. Denial of Motion to Reopen as Time-Barred

We review the Board's denial of a motion to reopen for an abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). The Board has discretion to deny reopening "even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). The Board abuses its discretion in denying a motion to reopen only if its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon*, 386 F.3d at 1362.

Petitioner does not challenge the Board's determinations that his motion to reopen was number-barred and that it was untimely to the extent it sought reconsideration of the Board's 2017 decision. He has therefore waived those arguments. *See Krastev v. INS*, 292 F.3d 1268, 1280 (10th Cir. 2002) ("Issues not raised on appeal are deemed to be waived."). We can affirm the denial of the motion to reopen on that basis alone.

4

But we also note that even the challenge that Petitioner does make lacks merit. He takes issue with the Board's determination that his motion to reopen was untimely, maintaining that he "practiced due diligence in filing his motion" and "[s]ome extraordinary circumstances stood in his way and prevented . . . him from complying with the applicable deadline[s]." Aplt. Resp. to Mot. to Dismiss at 6. Those extraordinary circumstances, he says, were the Supreme Court's *Judulang* opinion in 2011 and the Board's 2014 decision in *Matter of Abdelghany*. As the Board noted, however, those decisions both predate Petitioner's 2015 motion to reopen, and he raised his *Judulang* argument in that motion. Thus, they were not new even when he filed his 2015 motion, much less when he filed his 2020 motion, and he has offered no explanation of how they prevented him from filing his 2020 motion sooner. Accordingly, he has failed to establish that the Board abused its discretion in concluding that his second motion to reopen was time-barred.

### 2. Denial of Sua Sponte Reopening

Even when a noncitizen's motion to reopen is defeated by the filing deadline or the limit to one such motion, the Board nonetheless has discretionary authority to reopen the removal proceedings sua sponte at any time based on exceptional circumstances. *See In re J-J*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) (recognizing that the Board may reopen or reconsider a case sua sponte in "exceptional situations"). The courts, however, lack jurisdiction to review the Board's exercise of that discretionary authority. *See Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270-71 (10th Cir. 2013) ("[O]ur precedent clearly forecloses any review" of the Board's

5

discretionary decision "not to reopen removal proceedings *sua sponte*."); *Infanzon*, 386 F.3d at 1361 ("[W]e do not have jurisdiction to consider petitioner's claim that the [Board] should have sua sponte reopened the proceedings.").[3] We therefore dismiss that aspect of Petitioner's appeal, *see Jimenez v. Sessions*, 893 F.3d 704, 708-09, 716 (10th Cir. 2018) (dismissing petition for review of Board order declining to reopen sua sponte), and we do not reach the merits of his argument that sua sponte reopening was warranted under *Judulang* and *Matter of Abdelghany*.

### III. Conclusion

We dismiss the petition for review to the extent it seeks review of the Board's failure to reopen sua sponte and otherwise affirm the Board's order. We grant Petitioner's motion for leave to proceed without prepayment of fees and costs.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[3] "We do have jurisdiction to review constitutional claims or questions of law raised in a petition for review." *Salgado-Toribio*, 713 F.3d at 1271 (internal quotation marks omitted); *see* 8 U.S.C. § 1252(a)(2)(D). But Petitioner does not suggest any such claims here, nor do we perceive any.