**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 1, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

FAUSTINO MENDEZ-BENHUMEA,

    Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

    Respondent.

No. 20-9573 and 21-9503
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **MATHESON**, Circuit Judges.
_____

Petitioner Faustino Mendez-Benhumea, a citizen of Mexico, seeks review of a

Board of Immigration Appeals (BIA) decision (June 2020) denying his second motion to

reopen.  He also seeks review of a subsequent BIA decision (December 2020) denying

his third motion to reopen and remand.  We have jurisdiction under 8 U.S.C. § 1252(a),

and we dismiss in part and deny review in part.

**Background**

In July 2017, an Immigration Judge (IJ) determined that Mr. Mendez-Benhumea

was subject to removal.  AR 532.  In April 2018, the IJ granted Mr. Mendez-Benhumea

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

voluntary departure and issued an alternate removal order. AR 516–18. In February 2020, Mr. Mendez-Benhumea filed a second motion to reopen based on information he contended was previously unavailable and material: that his biological daughter would be harmed in Mexico for being a transgender individual. AR 324–26. He also submitted applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). See AR 329–40. The BIA denied this second motion to reopen as untimely. AR 255. The BIA also declined to exercise its authority to reopen his removal proceedings sua sponte finding that Mr. Mendez-Benhumea had not presented a prima facie case for relief. AR 255.

In September 2020, Mr. Mendez-Benhumea filed a third motion to reopen and remand his case to determine his eligibility for cancellation of removal. AR 20–29. He also applied for cancellation of removal, see AR 31–44, contending that removal would result in exceptional and extremely unusual hardship to his transgender child. AR 27–29. In December 2020, the BIA denied this third motion to reopen. AR 3. Setting aside whether his motion was procedurally barred, the BIA determined that Mr. Mendez-Benhumea failed to demonstrate prima facie eligibility for cancellation of removal. AR 3. Mr. Mendez-Benhumea filed timely petitions for review of both decisions, and this court has consolidated them for review.

## Discussion

We review the BIA's denial of a motion to reopen under a "deferential, abuse of discretion standard of review." Kucana v. Holder, 558 U.S. 233, 242 (2010). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably

2

departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Maatougui v. Holder, 738 F.3d 1230, 1239 (10th Cir. 2013) (quoting Infanzon v. Ashcroft, 386 F.3d 1359, 1362 (10th Cir. 2004)). Because motions to reopen immigration cases are disfavored, Mr. Mendez-Benhumea "bears a heavy burden to show the BIA abused its discretion." Id. (quotation and citation omitted).

## A.  Second Motion to Reopen and Reconsider

The final order of removal in this case is dated April 27, 2018. AR 516–18. Mr. Mendez-Benhumea had 90 days from that date to file a motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(i). Because he did not file his second motion to reopen until February 2020, see AR 322–28, the BIA correctly determined that it was untimely. AR 255.

Mr. Mendez-Benhumea first argues that he meets the untimeliness exception of changed country conditions. Aplt. Br. at 24–28. To meet that exception, a petitioner must show that his or her application is "based on changed circumstances arising in the country of nationality or the country to which deportation has been ordered" by offering "evidence [that] is material and was not available or could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii) (2020). According to Mr. Mendez-Benhumea, that his biological daughter recently identified as transgender, constitutes new, material evidence of changed circumstances. Aplt. Br. 25–28. The BIA determined that this constitutes a changed personal circumstance, not a changed country condition, and denied the second motion as untimely. AR 255. This is a straightforward and reasonable conclusion that does not constitute an abuse of discretion. See Maatougui, 738 F.3d at 1239.

3

Mr. Mendez-Benhumea stresses evidence that conditions in Mexico are dangerous for transgender persons, but this evidence cannot suffice. See Wei v. Mukasey, 545 F.3d 1248, 1255–56 (10th Cir. 2008). First, Mr. Mendez-Benhumea relies heavily on evidence from before his final order of removal, which is necessarily inapposite. See AR 353–65. Second, extant dangerous conditions for his transgender child simply do not constitute changed country conditions that apply to Mr. Mendez-Benhumea. See Wei, 545 F.3d at 1255–57; see also Mukumov v. Rosen, 842 F. App'x 247, 249–51 (10th Cir. 2021) (unpublished).[1] Therefore, the BIA did not abuse its discretion in determining that Mr. Mendez-Benhumea's changed personal circumstances did not fall within the changed country conditions exception to the 90-day filing deadline. See Wei, 545 F.3d at 1255–57; Mukumov, 842 F. App'x at 249–51.

Next, Mr. Mendez-Benhumea argues that he established prima facie eligibility for asylum, withholding of removal, and CAT protection, so the BIA should have exercised its authority sua sponte to reopen his proceedings. See Aplt. Br. at 28–29, 37. We have jurisdiction to review questions of law underlying the denial of a sua sponte reopening pursuant to § 1252(a)(2)(D). Salgado-Toribio v. Holder, 713 F.3d 1267, 1271 (10th Cir. 2013). However, where the BIA declines to exercise its sua sponte authority for reasons that do not contain legal error, we cannot review its decision. See Olivas-Melendez v. Wilkinson, 845 F. App'x 721, 730–31 (10th Cir. 2021) (unpublished). Here, the BIA's explanation does not demonstrate any legal error because it explains that Mr. Mendez-

---

[1] We cite this and other unpublished opinions for persuasive value only. See 10th Cir. R. 32.1; Fed. R. App. P. 32.1.

Benhumea's showings all fall short of establishing prima facie cases under its precedent. AR 255–56.  Thus, this court lacks jurisdiction to review the BIA's determination.

**B. Third Motion to Reopen and Remand**

The BIA declined to exercise its authority to reopen Mr. Mendez-Benhumea's proceedings sua sponte in response to this third motion as well.  AR 4.  As previously explained, we lack jurisdiction to review the BIA's discretion in this instance.  See Olivas-Melendez, 845 F. App'x at 730–31.

The BIA also denied Mr. Mendez-Benhumea's third motion because he failed to establish prima facie eligibility for cancellation of removal under the applicable "exceptional and extremely unusual hardship standard."  AR 3–4; 8 U.S.C. § 1229b(b)(1)(D).  Where the BIA finds, in its discretion, that "an alien has not produced sufficient evidence to warrant a finding of exceptional and extremely unusual hardship, we cannot review that decision."  Alzainati v. Holder, 568 F.3d 844, 850 (10th Cir. 2009).  The BIA found exactly that here.  AR 3–4.  Yet, Mr. Mendez-Benhumea argues that we can grant his petition for review because he presented sufficient evidence to meet the standard and the IJ did not review the evidence he presented on hardship.  Aplt. Br. at 40–44.  Our caselaw and jurisdiction are not so flexible, and we cannot in fact review the BIA's decision in this instance.  See Alzainati, 568 F.3d at 850; see also Galeano-Romero v. Barr, 968 F.3d 1176, 1181–85 (10th Cir. 2020).

Mr. Mendez-Benhumea's final contention is that the BIA violated his due process rights by failing to reopen and remand his case for further development of the record. Aplt. Br. at 45–47.  We may review constitutional claims pursuant to 8 U.S.C.

5

§ 1252(a)(2)(D). However, Mr. Mendez-Benhumea's alleged due process claim is in reality an attempt to challenge the BIA's discretionary and factual determinations. See Aplt. Br. at 47. Recasting challenges to discretionary determinations as due process claims cannot create jurisdiction under § 1252(a)(2)(D). See Arambula-Medina v. Holder, 572 F.3d 824, 828 (10th Cir. 2009). In any event, Mr. Mendez-Benhumea has no property or liberty interest in cancellation of removal, and there is no evidence that he was denied procedural due process at any point in his immigration proceedings. See Galeano-Romero, 968 F.3d at 1185–86.

We DISMISS in part (as to claims concerning the BIA's authority to reopen proceedings sua sponte and its discretionary determination concerning prima facie eligibility for cancellation of removal in the absence of legal error) and DENY in part.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

6